IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GINA MARIE DASILVA | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 16-4131 |
| SOCIAL SECURITY | : | |
| ADMINISTRATION | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                 **August 3, 2018**

      This is an appeal by Gina Marie DaSilva under 42 U.S.C. § 405(g) for review of a final decision by the Acting Commissioner of Social Security (Commissioner) denying her claims for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act [hereinafter "the Act"]. 42 U.S.C. §§ 401–434, 1381–1383f. Plaintiff is proceeding *pro se*. The Court attempted to secure *pro bono* counsel, and having been unsuccessful, directed Plaintiff to file a Brief and Statement of Issues in Support of Request for Review. She has done so, and the Acting Commissioner has answered, rendering this matter ripe for resolution. Because of the delay occasioned by the Court's attempt to secure counsel, rather than refer this matter to a Magistrate Judge for a Report and Recommendation, this Court's usual practice, I have decided to address the matter directly.

**Standard of Review**

      The issue is whether there is substantial evidence that supports the Administrative Law Judge's [hereinafter "ALJ"] evaluation of Plaintiff's subjective complaints and Residual Functioning Capacity (RFC) assessment. 42 U.S.C. § 405(g); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). If substantial evidence supports the Commissioner's decision, I must affirm it. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401

(1971).  Substantial evidence is such evidence as a reasonable mind might accept to support a conclusion:  more than a mere "scintilla," but somewhat less than a preponderance.  *Perales*, 402 U.S. at 401.  The question is not whether I would have decided the case differently, and my role is not to undertake *de novo* review of the ALJ's decision or re-weigh the evidence of record.  *See id.*

In her appeal, Plaintiff does not identify any particular error in the ALJ's decision.  Instead, she generally states that she is "still going through cancer treatments [which] make [her] very ill." ECF No. 18.  She also provided a number of medical records from 2017, but these pertain to treatment received more than a year and a half after the ALJ issued his decision—indicating that she was undergoing treatment for cancer diagnosed in 2017.  *See* ECF Nos. 13–15.  But, as noted below, at the time the ALJ issued his opinion, Plaintiff was not undergoing cancer treatments.

**Factual Background**

Plaintiff applied for DIB and SSI in December 2012, but alleged that her disability dated back to 2007 when she was 40 years old. Hr'g Tr. 51, ECF No. 11-2 [hereinafter "Tr."].  It should be noted that her application was filed shortly after she ended an unsafe, long-term relationship. Tr. 34.  During part of the time Plaintiff alleged she could not work, from January 2014 through October 2014, she worked as a housekeeper for a healthcare company. Tr. 31–32.  She voluntarily left that job a week before her administrative hearing. Tr. 27, 31–32.  It was against that background that the ALJ went through the sequential evaluation process, ultimately concluding that Plaintiff was not disabled because she had Residual Functional Capacity that would allow her to perform light, unskilled work.

The administrative hearing took place on November 2, 2014, before ALJ Daniel L.

Rubini. Tr. 27–50. Plaintiff testified that she was unable to work because she was not capable of doing anything, including standing for 10 hours per day. Tr. 37. But notably, she also testified that she worked steadily from January through October 2014, which involved carrying up to 25 pounds. Tr. 32. She quit approximately one week before the hearing because of anxiety, pain and numbness in her legs, and because her Hepatitis B vaccine had been ineffective and she did not want to remain in that setting, where she felt at risk of contracting the disease. Tr. 31–33. Plaintiff reported that she read books and magazines, visited with a friend each night to watch movies or listen to music, attended church every week, went to the library, and accompanied her sister to a casino two times a week for an hour or two at a time, where she listened to live music. Tr. 47–48.

## **Discussion**

The Commissioner does not dispute that Plaintiff has a significant medical history, or challenge any of the ALJ's medical findings, but successfully argues that the record showed she was not functionally disabled.

As to the ALJ's consideration of the evidence, after an independent review of the record, I find that the Commissioner's brief, ECF No. 19, is generally an accurate summary of the ALJ's credibility and weight determinations, *see* Decision, ECF No. 11-2 at 9–22, as follows:

- Plaintiff testified that she worked as late as 2012 as a stocker, and as a cleaner in 2014; in the latter position, Plaintiff carried as much as 25 pounds;

- Plaintiff was treated for cervical cancer in November 2012 but her treatment ended in March 2013, Decision 17 (citing Exs. 2F/3, 6F/1–4, 13F/30);

- She had a total hysterectomy in April 2013, *id.* (citing Exs. 4F/1, 7F, 8F/1–2, 13F/30);

- Plaintiff recovered from her surgeries without incident and had no cancer recurrence before the ALJ's decision, *id.* (citing Exs. 8F/1, 12F/3, 6, 8, 12, 13F/10) (*e.g.*, at second post-op visit, "She is doing quite well"; "She is healed and has no further complaints"; ". . . I am very pleased with her outcome thus far" Tr. 381); and

- Two state agency consulting examiners, Feroz Sheikh, M.D., and Mark Bohn, M.D., concluded that Plaintiff was capable of work at the light exertional level, *id.* (citing Exs. 1A/7–9, 10F).

- Plaintiff reported during a gynecological visit in June 2012 that she suffered from "some situational depression" but denied anxiety, *id.* (citing Ex. 2F/17, 19, Tr. 227, 229);

- In October 2012, she denied suicidal ideations, depression, anxiety, memory loss, hallucinations, paranoia, and confusion, and was found to have an appropriate mood and normal attention span, *id.* at 17–18 (citing Ex. 2F/10–11);

- Other exams provided similar reports of mild symptoms or none at all, *id.* at 18 (citing Exs. 3F/3-4, 6-8; Ex. 13F/14-17, 23, 25, 30–32, 40–45);

- Plaintiff chose not to take prescribed mental health medication in repeated instances, *id.* at 18 (citing Exs. 13F/17, 23, 25, 30, 32, 42, 45);

- A consulting psychologist, Natalie Paul, Psy.D., diagnosed an adjustment disorder with mixed anxiety and depressed mood, and concluded that Plaintiff's symptoms caused moderate limitations in social or occupational functioning. Significantly, Paul's prognosis was guardedly favorable if Plaintiff would receive treatment, *id.* at 19 (citing Ex. 9F);

- Later, Plaintiff declined therapy and medication, *id.* (citing Ex. 13F/16);

- Various treatment notes in 2013 and 2014 contained no mention of mental health symptoms, *id.* at 19 (citing Ex. 13F/5–14) (*e.g.*, Plaintiff continued working after experiencing leg pain; no mention of mental health symptoms);

- As of July 2014, Plaintiff reported feeling depressed "every day," *id.* (citing Ex. 13F/1), but again was not interested in taking medications and "wanted to defer treatment for her depression";

- Plaintiff began mental health treatment thirteen days before the administrative hearing, and at that point was given a "temporary diagnosis" of major depressive disorder, general anxiety disorder, and posttraumatic stress disorder, *id.* (citing Ex. 15F/2).

Plaintiff's burden is to show both that she has a medically recognized impairment, and that it is severe enough to prevent her from performing a job that exists in meaningful numbers in the economy nation-wide. *See Heckler v. Campbell*, 461 U.S. 458, 460 (1983). The existence of an impairment is not, standing alone, sufficient to prove disability. *Jones v. Sullivan*, 954 F.2d 125 (3d Cir. 1991). The ALJ considered her testimony about the nature and effect of her limitations, evaluated it against the objective medical evidence, and concluded that despite certain limitations, she failed to meet her burden. Decision 16–21. On the record here, I am compelled to conclude that substantial evidence supports the ALJ's decision, particularly in view of Plaintiff's employment history.

Plaintiff has submitted medical records from June and July 2017 indicating that she is now undergoing treatment for adenocarcinoma in her lungs. ECF Nos. 13–15. These records do not provide a basis for remand. When a claimant seeks to rely on evidence that was not before

the ALJ, a district court may remand the case under sentence six of 42 U.S.C. § 405(g), provided that the post-decision evidence is (1) new; (2) material; and (3) good cause exists for not presenting the evidence to the ALJ. 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592–93 (3d Cir. 2001). The Third Circuit has held that a claimant must meet all three criteria before a district court can consider such evidence in performing its substantial evidence review. *Id.* at 593–95.

Evidence is not material if it does not relate to the "time period for which benefits were denied" or if it concerns evidence of "the subsequent deterioration of the previously non-disabling condition." *Szubak v. Sec'y of Health & Human Servs*., 745 F.2d 831, 833 (3d Cir. 1983). Here, the relevant time period ran from January 1, 2007, Plaintiff's alleged disability onset date, through December 30, 2014, when the ALJ issued his decision. Plaintiff's new medical records were created some eighteen months after the ALJ's decision. That does not mean that Plaintiff is deprived of a remedy. Her recourse, as she was informally advised when the Court was unsuccessful in finding counsel, is to reapply for benefits on the basis of the newly diagnosed condition, *see* 20 C.F.R. §§ 404.620(a)(2), 416.330(b), which hopefully she has done even as she has pursed this appeal.

In conclusion, under the governing standard of review, substantial evidence supports the findings of the ALJ, and I am persuaded that the supplemental medical evidence Plaintiff has submitted is immaterial as a matter of law. An appropriate order will issue.

  /s/ Gerald Austin McHugh
United States District Judge